IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RIGOBERTO VEGA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1577-L |
| | § | |
| BILL HILL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Plaintiff Rigoberto Vega, an inmate in the Dallas County Jail, against various elected county officials, a state magistrate judge, and a grand jury foreman. On August 9, 2005, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two *Spears*[1] questionnaires then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaires on September 14, 2005 and October 6, 2005. The court now determines that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff generally alleges that the district attorney, judge, and grand jury foreman conspired to indict him for aggravated sexual assault of a child and deprive him of an examining trial. In an unrelated claim, plaintiff alleges that he has been denied adequate medical care, is subjected to unsanitary living conditions, and does not have access to the law library. As relief, plaintiff seeks unspecified money damages, release from confinement, and a federal investigation into the charges alleged in his complaint.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1)   is frivolous or malicious;

(2)   fails to state a claim upon which relief can be granted; or

(3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff alleges that Dallas County District Attorney Bill Hill, state magistrate judge Lisa Bronchetti, and grand jury foreman George J. Augustus conspired to indict him for aggravated sexual assault of a child and deprive him of an examining trial. This claim is without an arguable basis in law for at least two reasons. First, no state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. (*See Spears* Quest. #4). Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995). Second, prosecutors, judges, and grand jurors are immune from suit for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors); *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (judges); *Walker v. Skeen*, No. 01-40852, 31 Fed.Appx. 155 (5th Cir. Dec. 12, 2001) (prosecutor and grand jury foreman). Because these defendants were acting within the scope of their authority at all times relevant to the claims made the basis of this suit, each is entitled to absolute immunity.[2]

---

[2] To the extent plaintiff seeks dismissal of the indictment and an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). However, it does not appear that plaintiff has exhausted his state remedies by presenting the factual and legal basis of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (*See* First *Spears* Quest. #3). Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

C.

Plaintiff further contends that he has been denied adequate medical and sanitary living conditions while incarcerated in the Dallas County Jail. Both claims are governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. *See Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). To establish "deliberate indifference," plaintiff must allege facts which, if proved, show that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Id.*, *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

1.

The court initially observes that plaintiff has failed to state a claim for relief against Sheriff Lupe Valdez-- the only defendant blamed for violating his right to adequate medical care and sanitary living conditions. As an elected official responsible for operations at the Dallas County Jail, Valdez is liable only if: (1) she affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that Valdez was not personally involved in any of the alleged constitutional deprivations made the basis of this suit. Rather, plaintiff maintains that the sheriff is responsible for the actions of her subordinates. (*See* Sec. *Spears* Quest. #2, 7 & 10). Nor does plaintiff identify any specific policies that violate his constitutional rights or allege any facts linking those non-existent policies to Valdez.[3] Consequently, plaintiff has failed to state a claim for relief against this defendant. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701,

---

[3] Plaintiff alleges he was told to "thank the new sheriff" for the conditions of which he complains. (*See* Sec. *Spears* Quest. #3, 7, & 10). That allegation is insufficient to link Valdez to an unconstitutional policy.

736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's Dep't.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005).

2.

Even if plaintiff could show that Valdez or her subordinates were deliberately indifferent to his medical needs or the conditions of his confinement, these claims still fail because plaintiff suffered no physical harm. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). In his interrogatory answers, plaintiff states that he needs medical care for "bad headaches, sleeplessness, dizziness, etc." and feels like a "zombie." (*See* Sec. *Spears* Quest. #1). With respect to his living conditions, plaintiff alleges that his exposure to mold, mildew, dead bugs, dirty showers, and spoiled food constitutes a denial of "basic necessities of life of a civilized society[.]" (Sec. *Spears* Quest. #9). Such conclusory assertions are insufficient to establish "physical injury" under the PLRA. *See, e.g. Alexander*, 351 F.3d at 630-31 (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*); *Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (allegation that plaintiff suffered "unnecessary pain and suffering" insufficient to establish physical injury); *Morgan*, 2005 WL 57282 at *2 (same as to allegation of "undue pain . . . on a regular basis").

D.

Finally, plaintiff contends that he has been denied access to the law library. This claim must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Plaintiff does not explain how the actions of jail officials interfered with his right of access to the courts. He alleges only that his original court-appointed lawyer "did nothing so I needed to study to find out why and if I could get another attorney." (Sec. *Spears* Quest. #4). Although his interrogatory answers are difficult to decipher, it appears that plaintiff successfully complained to the State Bar about his lawyer and was able to obtain new counsel. (*See* Sec. *Spears* Quest. #1 & 5). Because plaintiff was represented by counsel at all stages of his criminal trial, he has no constitutional right of access to a law library in connection with that proceeding. *See Caraballo v. Federal Bureau of Prisons*, No. 04-30965, 124 Fed.Appx. 284, 285 (5th Cir. Mar. 23, 2005); *Piper v. Alford*, No. 3-02-CV-2640-P, 2003 WL 21350215 at *2 (N.D. Tex. Jun. 4, 2003).

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 14, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE